IN THE UNITED STATES BANKRUPTCY COURT

THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ALAMO CHANDLER, LLC,<br><br>ALAMO GILBERT, LLC,<br><br>ALAMO TEMPE, LLC,<br><br>Debtors. | Case No. 2:20-bk-05017-DPC<br><br>Joint Administration Pending With<br>Cases No. 2:20-bk-05020-DPC<br>2:20-bk-05026-DPC<br><br>Chapter 11 Proceedings |
| THIS FILING APPLIES TO:<br>\_\_\_ All Debtors<br>\_\_\_ Alamo Chandler, LLC<br>\_\_\_ Alamo Gilbert, LLC<br>_X_ Alamo Tempe, LLC | **STIPULATED INTERIM ORDER AUTHORIZING THE USE OF CASH CLAIMED AS COLLATERAL** |

This matter comes before the Court upon the *Motion to Authorize the Interim Use of Cash Claimed as Collateral and to Determine that Certain Postpetition Revenues are Not Cash Collateral* [Dkt. No. 33] (the "Motion") filed by Alamo Tempe, LLC ("Alamo Tempe," or the "Debtor"). An expedited hearing was held on the Motion on June 2, 2020 at 1:30 p.m. (the "Hearing") at which time counsel for the Debtor and counsel for BNC National Bank ("Lender") appeared. Secured creditor Austin Business Finance, LLC dba GetBackd ("GetBackd") did not receive notice of the Motion or Hearing, however has agreed to this Stipulated Interim Order with the Debtor and the Lender on the terms and conditions set forth herein. Now, therefore, it appearing that:

2748802.v1

1.      On May 13, 2020 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (together, as jointly administered, the "Bankruptcy Case").

2.      This Court has jurisdiction over the Bankruptcy Case and the Motion pursuant to 28 U.S.C. §157(b)(2).

Lender asserts as follows:

3.      On or about May 11, 2018, Alamo Tempe entered into a *Business Loan Agreement* (the "Alamo Tempe Loan Agreement") with Lender for a loan in the original principal amount of $601,100.00 (the "Alamo Tempe Loan"), as presently evidenced by, among other things, that certain *Note* dated May 11, 2018 executed by Alamo Tempe in connection with the Alamo Tempe Loan (the "Alamo Tempe Note"), and the subsequent *Change in Terms Agreement* dated March 25, 2020 (the "Alamo Tempe CIT").

4.      As security for repayment of the Alamo Tempe Loan, Alamo Tempe executed a *Commercial Security Agreement* in favor of Lender dated May 11, 2018 (the "Alamo Tempe Security Agreement"), securing certain described collateral (the "Alamo Tempe Collateral" and, together with the Alamo Chandler Collateral, the "Collateral"). The Alamo Tempe Security Agreement was perfected by the filing of a UCC Financing Statement with the Arizona Secretary of State on April 4, 2018 at File No. 2018-001-3950-0 (as thereafter amended and continued from time to time, the "Alamo Tempe UCC").

5.      The documents executed by Alamo Tempe in connection with the Alamo Tempe Loan, including the Alamo Tempe Loan Agreement, Alamo Tempe Note, Alamo Tempe CIT, Alamo Tempe Security Agreement, and Alamo Tempe UCC, along with all other documents relating to, evidencing, or securing the Alamo Tempe Loan are hereinafter collectively referred to as the "Loan Documents."

6.      As of the Petition Date, Lenders asserts that Alamo Tempe was indebted to Lender for the Alamo Tempe Loan obligations in the principal amount of $529,938,56, plus accrued and accruing interest, late charges, attorneys' fees, costs, and all other amounts

recoverable under the Loan Documents and applicable law (the "Alamo Tempe Obligations").

7. Lender asserts that it holds valid, first priority, properly perfected liens and security interests in all of the Collateral, including all assets and proceeds which are "cash collateral" as defined in Section 363(a) of the Bankruptcy Code. Lender asserts that the cash collateral also secures repayment of the Alamo Tempe Obligations owing from Alamo Tempe to Lender.

8. Lender asserts that the Collateral is subject to depletion, as well as wear and tear, and is declining in value by Alamo Tempe's use post-petition.

9. Alamo Tempe has requested that Lender consent to its use of cash collateral, and have undertaken arm's-length negotiations with Lender regarding its use of cash collateral. Lender is willing to allow Alamo Tempe the use of cash collateral for certain expenses, pursuant to the terms and conditions set forth in this Stipulated Interim Order.

10. GetBackd and the Debtor entered into that certain Future Receivables Sale Agreement between GetBackd and Alamo Tempe, dated March 24, 2020 ("Agreement") whereby GetBackd asserts that it purchased all future revenues generated by the Debtor up to the Amount Sold as defined in the Agreement.

11. GetBackd asserts that the Agreement provided GetBackd with a security interest in all of the Debtor's assets which interest was perfected by the filing of a UCC Financing Statement with the Arizona Secretary of State on March 25, 2020.

12. As of the Petition Date, GetBackd asserts that the Debtor was indebted to it in the principal amount of $287,500.

13. GetBackd asserts that some or all of the funds proposed to be used by Alamo Tempe under this Stipulated Interim Order are the property of GetBackd, and not the bankruptcy estate.

14. The Debtor and Lender dispute the assertions made by GetBackd.

15. GetBackd has agreed to allow Alamo Tempe to use the funds in the manner permitted under this Stipulated Interim Order, on the condition that it is understood

3

2748802.v1
Case 2:20-bk-05017-DPC    Doc 71    Filed 06/16/20    Entered 06/16/20 11:29:19    Desc
Main Document    Page 3 of 14

and agreed that, in doing so, GetBackd has not waived any rights or arguments that any funds contemplated by the Agreement are not property of the bankruptcy estate.

16. Further, GetBackd has agreed to this Stipulated Interim Order on the condition that any funds spent by the Debtor shall be from monies it obtained through the government's Paycheck Protection Program or an Economic Injury Disaster Loan.

17. GetBackd does not agree to the assertions made by the Debtor or the Lender with respect to the amount, validity, priority or extent of the lien claimed by the Lender.

18. The Debtor has requested immediate entry of this Stipulated Interim Order pursuant to Bankruptcy Rule 4001, and that approval under this Order is in the best interest of the Debtor's estate and creditors.

**WHEREFORE**, based on the foregoing, and the entire record before the Court and good cause appearing,

**IT IS HEREBY ORDERED** that the Motion is GRANTED on an interim basis, and the Debtor may use Cash Collateral as provided in this Stipulated Interim Order.

**IT IS FURTHER ORDERED** that, on an interim basis, the Debtor is authorized to use its cash and Income[1] to pay the Expenses in accordance with the Budget attached hereto as Exhibit "A," and on GetBackd's conditions stated above, as augmented by a 10% variance, through July 2, 2020. Except as expressly provided in this Stipulated Interim Order, the Debtor may not use any Cash Collateral that would cause total payments to exceed any line-item stated in the Budget (with a 10% line-item variance during the interim period covered by this Stipulated Interim Order). Under no circumstances is the Debtor authorized to pay any pre-Petition Date expenses, even if such expenses are included in the Budget, or any portion of any expenses which are billed after the Petition Date but which relate to goods or services provided to the Debtor prior to the Petition Date, even if such expenses are included

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

in the Budget, except as otherwise ordered by the Court or as agreed to by Lender in writing in its sole discretion.

**IT IS FURTHER ORDERED** that unless extended further with the prior written consent of Lender and GetBackd (confirmed by the entry of a further order of the Court), the authorization granted to the Debtor to use cash collateral under this Stipulated Interim Order will automatically terminate upon the earliest of:

(i) the end of business on July 2, 2020, unless Lender and GetBackd agree in writing and in its sole discretion to a later date;

(ii) the date upon which the Debtor is no longer a debtor-in-possession in the Bankruptcy Case or is otherwise limited or excluded from the management and operation of its assets (through the appointment of a trustee under the Bankruptcy Code, or through the appointment of some other type of fiduciary or custodian under federal or state law);

(iii) the granting of stay relief to any party that claims an interest in the collateral, other than Lender;

(iv) the filing by the Debtor or any other party in interest of any motion which seeks to grant to a party other than Lender a lien or security interest equal or senior to the liens and security interests held by Lender in the collateral and any replacement collateral; and

(v) after resumption of its business, the date the Debtor ceases to operate its businesses.

(Any of the forgoing shall be referred to as a "Termination Event"). Notwithstanding any such Termination Event, the rights, claims, security interests, liens and priorities of Lender with respect to all transactions that occur prior to the occurrence of such Termination Event,

5
2748802.v1
Case 2:20-bk-05017-DPC    Doc 71    Filed 06/16/20    Entered 06/16/20 11:29:19    Desc
Main Document    Page 5 of 14

including, without limitation, all liens and priority claims approved by this Interim Order, will remain unimpaired and unaffected by any such Termination Event, will survive any such Termination Event, and will be binding upon any and all successors-in-interest to the Debtor, including any trustee that may be appointed in the Bankruptcy Case.

**IT IS FURTHER ORDERED** that, to the extent of the use of its cash collateral, as adequate protection of its interests, Lender is granted a replacement lien and security interest in the post-petition assets of the Debtor, to the extent, and in the order and priority, determined by the Bankruptcy Court after further proceedings. Any such post-petition lien or security interest shall be deemed effective and automatically perfected as of the Petition Date without the necessity of Lender taking any further action. Nothing in this Order shall constitute (i) a determination or stipulation as to whether any of the Debtor's property constitutes Lender's or GetBackd's cash collateral, or (ii) the validity, priority, or extent of Lender's or GetBack's lien in assets acquired by the Debtor before or after the Petition Date.

**IT IS FURTHER ORDERED** that to the extent the protections granted to Lender in this Stipulated Interim Order do not provide Lender with adequate protection of its interest in its collateral (including cash collateral), Lender may seek, upon notice and with opportunity to object, a super-priority administrative expense claim under Bankruptcy Code § 507(b) as necessary to compensate Lender fully for the use of its collateral and cash collateral by the Debtor.

**IT IS FURTHER ORDERED** that Lender reserves its rights regarding any matters or issues not specifically addressed in this Stipulated Interim Order. Nothing in this Stipulated Interim Order will be deemed or construed as an admission or waiver by Lender as to adequate protection, or any other issue in the Bankruptcy Case, and this Stipulated Interim Order will not constitute consent by Lender to the use of its Cash Collateral other than for the limited purpose and during the limited period expressly provided herein. Moreover, nothing contained in this Stipulated Interim Order will be deemed to waive or diminish any rights of Lender under the loan documents or the consent to the Debtor's use of loan proceeds from the Paycheck Protection Program in anyway inconsistent with the

6

2748802.v1

purported use and certifications made by the Debtor. Further, nothing herein shall prevent GetBackd or the Debtor from challenging the amount, validity, priority, or extent of Lender's claims or liens, nor prevent Lender or the Debtor from challenging the amount, validity, priority, or extent of GetGackd's claims or liens.

**IT IS FURTHER ORDERED** the provisions of this Stipulated Interim Order will be binding upon and inure to the benefit of Lender and the Debtor and their respective successors and assigns. **DUE TO EMERGENCY CIRCUMSTANCES AND THE IMMEDIATE NEED OF THE DEBTOR TO USE CASH COLLATERAL, NOTWITHSTANDING THE PROVISIONS OF LOCAL RULE 4001-4(b),(c) and (d), THE REPLACEMENT LIENS GRANTED IN THIS STIPULATED INTERIM ORDER SHALL CONTINUE NOTWITHSTANDING ANY RECONSIDERATION, MODIFICATION, AMENDMENT OR TERMINATION OF THIS STIPULATED INTERIM ORDER TO THE EXTENT OF THE USE OF CASH COLLATERAL OR THE DIMINUTION IN VALUE OF LENDER'S COLLATERAL PRIOR TO ANY SUCH RECONSIDERATION, MODIFICATION, AMENDMENT OR TERMINATION OF THIS STIPULATED INTERIM ORDER.**

**IT IS FURTHER ORDERED** that a continued hearing on the Motion will take place on July 1, 2020 at 1:30 p.m.

**It IS FURTHER ORDERED** that the continued status conference scheduled for June 18th at 1:30 p.m. is hereby vacated.

**IT IS FURTHER ORDERED** that that this order is without prejudice to (a) the rights of Alamo Drafthouse Cinemas, LLC ("ADC") under the Franchise Agreement between ADC and the Debtor, and applicable law, (b) the rights of Alamo Tempe Holdings, LLC under its lease and applicable law, or (c) the rights of GetBackd under the Agreement and applicable law, and shall not constitute a waiver of any contention by GetBackd that, to the extent provided in the Agreement, funds received by the Debtor are not property of the bankruptcy estate..

**SIGNED AND DATED ABOVE.**

7

**APPROVED AS TO FORM AND CONTENT**

SACKS TIERNEY P.A.


By: /s/ Wesley Ray
Wesley Ray
*Attorneys for Debtors*


QUARLES & BRADY LLP


By: */s/ W. Scott Jenkins (with permission)*
W. Scott Jenkins
*Attorneys for BNC National Bank*


DICKINSON WRIGHT PLLC


By: */s/ Carolyn Johnsen (with permission)*
Carolyn Johnsen
*Attorneys for Austin Business Finance, LLC dba GetBackd*

4824-0709-2160 v1 [99998-2606]

8

2748802.v1

# EXHIBIT A

Alamo Tempe LLC

|  | Projection 05/15/20 - 06/14/20 | Projection 06/15/20 - 07/02/20 | Total |
|---|---|---|---|
| **Revenues** | | | |
| **Box Office Receipts** | | | |
| Box Office Receipts | | | |
| Retail Ticket Sales | $    - | $    - | $    - |
| Internet Ticket Sales | 0.00 | 0.00 | - |
| Fandango Ticket Sales | 0.00 | 0.00 | - |
| Iphone Sales | 0.00 | 0.00 | - |
| Talent Fee Sales | 0.00 | 0.00 | - |
| Internet Fee Sales | 0.00 | 0.00 | - |
| Total Box Office Receipts | 0.00 | 0.00 | 0.00 |
| **Venue Rental & Other Income** | | | |
| Venue Rental Sales | 0.00 | 0.00 | - |
| Special Event Sales | 0.00 | 0.00 | - |
| Gift Card Discount Revenue | 0.00 | 0.00 | - |
| Total Venue Rental & Other Income | 0.00 | 0.00 | 0.00 |
| Gross Ticket & Venue Rental | 0.00 | 0.00 | 0.00 |
| **Food and N/A Beverage Sales** | | | |
| Food Sales | 0.00 | 0.00 | - |
| NA Beverage Sales | 0.00 | 0.00 | - |
| Dessert Sales | 0.00 | 0.00 | - |
| Retail Sales | 0.00 | 0.00 | - |
| Total Food & N/A Beverage Sales | 0.00 | 0.00 | 0.00 |
| **Beer & Wine Sales** | | | |
| Bottled Beer Sales | 0.00 | 0.00 | - |
| Draft Beer Sales | 0.00 | 0.00 | - |
| Wine Sales | 0.00 | 0.00 | - |
| Liquor Sales | 0.00 | 0.00 | - |
| Total Beer and Wine Sales | 0.00 | 0.00 | 0.00 |
| Gross Food & Ale Sales | 0.00 | 0.00 | 0.00 |
| Food Comps | 0.00 | 0.00 | - |
| Alc Comps | 0.00 | 0.00 | - |
| Total Comps | 0.00 | 0.00 | 0.00 |
| Net Sales | 0.00 | 0.00 | 0.00 |
| **Cost of Sales** | | | |
| **Cost of Box Office** | | | |
| Film Rental | 0.00 | 0.00 | 0.00 |

Alamo Tempe LLC

| | | | |
|---|---|---|---|
| Film Shipping | 0.00 | 0.00 | 0.00 |
| Box Office Split | 0.00 | 0.00 | 0.00 |
| Access Digital Cinema | 0.00 | 0.00 | 0.00 |
| Projector Usage Fees | 0.00 | 0.00 | 0.00 |
| Special Event Supplies | 0.00 | 0.00 | 0.00 |
| Creative Department Billing | 0.00 | 0.00 | 0.00 |
| Total Cost of Box Office | 0.00 | 0.00 | 0.00 |
| **Cost of Food N/A Bev** | | | |
| COGS - Dairy | 0.00 | 732.00 | 732.00 |
| COGS - Meats | 0.00 | 712.00 | 712.00 |
| COGS - Seafood | 0.00 | 92.00 | 92.00 |
| COGS - Poultry | 0.00 | 312.00 | 312.00 |
| COGS - Produce | 0.00 | 216.00 | 216.00 |
| COGS - Bakery | 0.00 | 184.00 | 184.00 |
| COGS - Grocery | 0.00 | 104.00 | 104.00 |
| COGS - Paper | 0.00 | 576.00 | 576.00 |
| COGS - Desserts | 0.00 | 356.00 | 356.00 |
| COGS - N/A Beverages | 0.00 | 716.00 | 716.00 |
| Total Cost of Food N/A Bev | 0.00 | 4,000.00 | 4,000.00 |
| **Cost of Beer & Wine** | | | |
| COGS - Bottled Beer | 0.00 | 213.00 | 213.00 |
| COGS - Draft Beer | 0.00 | 1,568.00 | 1,568.00 |
| COGS - Wine | 0.00 | 256.00 | 256.00 |
| COGS - Liquor | 0.00 | 853.00 | 853.00 |
| Total Cost of Beer & Wine | 0.00 | 2,890.00 | 2,890.00 |
| **Cost of Venue Rental** | | | |
| VR Commission | 0.00 | 0.00 | 0.00 |
| Celebrity Appearance | 0.00 | 0.00 | 0.00 |
| Merchandise | 0.00 | 0.00 | 0.00 |
| COGS - Smallwares | 0.00 | 0.00 | 0.00 |
| Total Cost of Venue Rental | 0.00 | 0.00 | 0.00 |
| Total Cost of Goods Sold | 0.00 | 6,890.00 | 6,890.00 |
| Gross Profit | 0.00 | (6,890.00) | (6,890.00) |
| **Expenses** | | | |
| **Payroll** | | | |
| **Front of House** | | | |
| Server/Waiter | 0.00 | 0.00 | 0.00 |
| Bar | 0.00 | 0.00 | 0.00 |
| Runner | 0.00 | 0.00 | 0.00 |
| Trainer | 0.00 | 0.00 | 0.00 |

Alamo Tempe LLC

| | | | |
|---|---:|---:|---:|
| Trainee | 0.00 | 0.00 | 0.00 |
| Private Party Server | 0.00 | 0.00 | 0.00 |
| Labor Service Fees | 0.00 | 0.00 | 0.00 |
| Total Front of House | 0.00 | 0.00 | 0.00 |
| **Back of House** | | | |
| BOH | | | |
| Kitchen | 0.00 | 0.00 | 0.00 |
| Expo | 0.00 | 0.00 | 0.00 |
| Total Back of House | 0.00 | 0.00 | 0.00 |
| **Manager Expenses** | | | |
| Manager | 7,799.09 | 9,895.89 | 17,694.98 |
| Manager Hourly | 0.00 | 0.00 | 0.00 |
| PCE | 0.00 | 0.00 | 0.00 |
| Programming | 0.00 | 0.00 | 0.00 |
| Salary Allocations | 0.00 | 0.00 | 0.00 |
| Manager Bonus | 0.00 | 0.00 | 0.00 |
| Total Manager | 7,799.09 | 9,895.89 | 17,694.98 |
| **Box Office Labor** | | | |
| Tickets | 0.00 | 0.00 | 0.00 |
| Projection | 0.00 | 0.00 | 0.00 |
| Total Box Office Labor | 0.00 | 0.00 | 0.00 |
| **Other Labor** | | | |
| Maintenance | 0.00 | 0.00 | 0.00 |
| Meeting | 0.00 | 0.00 | 0.00 |
| Total Other Labor | 0.00 | 0.00 | 0.00 |
| **Employee Related** | | | |
| FUTA | 0.00 | 0.00 | 0.00 |
| Medicare-Matching | 128.68 | 163.28 | 291.97 |
| Social Security- Matching | 483.54 | 613.55 | 1,097.09 |
| SUI | 0.00 | 0.00 | 0.00 |
| Vacation | 0.00 | 0.00 | 0.00 |
| Payroll Processing Fees | 100.00 | 100.00 | 200.00 |
| Recruiting | 0.00 | 0.00 | 0.00 |
| Total Employee Related | 712.23 | 876.83 | 1,589.06 |
| Total Payroll | 8,511.32 | 10,772.72 | 19,284.04 |
| **Promotional** | | | |
| Promotional | | | |
| Advertising | 0.00 | 3,333.00 | 3,333.00 |
| Adv. Creative Dept Billing | 0.00 | 0.00 | 0.00 |
| Advertising - Local | 0.00 | 0.00 | 0.00 |
| Marketing | 0.00 | 1,000.00 | 1,000.00 |
| Special Events | 0.00 | 0.00 | 0.00 |
| Charitable Contributions | 0.00 | 0.00 | 0.00 |

Alamo Tempe LLC

| | | | |
|---|---:|---:|---:|
| Total Promotional | 0.00 | 4,333.00 | 4,333.00 |
| **Insurance** | | | |
| Commercial | 6,578.00 | 4,790.00 | 11,368.00 |
| Health | 999.00 | 645.00 | 1,644.00 |
| Life Insurance | 0.00 | 0.00 | 0.00 |
| Workers Compensation | 2,410.00 | 0.00 | 2,410.00 |
| Total Insurance | 9,987.00 | 5,435.00 | 15,422.00 |
| **Utilities** | | | |
| Cable | 470.00 | 470.00 | 940.00 |
| Electric | 8,304.00 | 8,304.00 | 16,608.00 |
| Gas | 990.00 | 990.00 | 1,980.00 |
| Water | 236.00 | 236.00 | 472.00 |
| Total Utilites | 10,000.00 | 10,000.00 | 20,000.00 |
| **Repair & Maintenance** | | | |
| Disposal Fees | 0.00 | 0.00 | 0.00 |
| Equipment Repairs | 0.00 | 0.00 | 0.00 |
| Kitchen Equipment Repair | 0.00 | 0.00 | 0.00 |
| Projection Repair | 0.00 | 0.00 | 0.00 |
| Preventative Maintenance | 0.00 | 0.00 | 0.00 |
| Fixed Rental | 0.00 | 0.00 | 0.00 |
| Janitorial | 5,000.00 | 3,500.00 | 8,500.00 |
| Pest Control | 0.00 | 0.00 | 0.00 |
| Trash Removal | 0.00 | 0.00 | 0.00 |
| Smallwares | 0.00 | 0.00 | 0.00 |
| Projection Supplies | 0.00 | 0.00 | 0.00 |
| Film Supplies | 0.00 | 0.00 | 0.00 |
| Total Repair & Maintenance | 5,000.00 | 3,500.00 | 8,500.00 |
| **Office & General Administrative Expense** | | | |
| **Facility Expense** | | | |
| Rent or Lease | 49,505.43 | 0.00 | 49,505.43 |
| Security | 0.00 | 0.00 | 0.00 |
| Storage | 0.00 | 0.00 | 0.00 |
| Telephone | 0.00 | 0.00 | 0.00 |
| Property Tax | 0.00 | 0.00 | 0.00 |
| Other Taxes | 0.00 | 0.00 | 0.00 |
| Armored Car Service | 0.00 | 0.00 | 0.00 |
| Quality Control | 0.00 | 0.00 | 0.00 |
| Printing | 0.00 | 0.00 | 0.00 |
| Total Facility Expense | 49,505.43 | 0.00 | 49,505.43 |
| **Office Expense** | | | |
| Merchant Service Fees | 0.00 | 0.00 | 0.00 |
| Office Expense | 0.00 | 0.00 | 0.00 |
| Bank Charges | 0.00 | 0.00 | 0.00 |

# Alamo Tempe LLC

| | | | |
|---|---:|---:|---:|
| Delivery | 0.00 | 0.00 | 0.00 |
| Dues & Subscriptions | 0.00 | 0.00 | 0.00 |
| Professional Fees | 0.00 | 0.00 | 0.00 |
| Equipment | 0.00 | 0.00 | 0.00 |
| Film Booking Fee | 0.00 | 0.00 | 0.00 |
| Licenses & Permits | 1,290.00 | 0.00 | 1,290.00 |
| Supplies | 0.00 | 0.00 | 0.00 |
| Travel | 0.00 | 0.00 | 0.00 |
| Entertainment | 0.00 | 0.00 | 0.00 |
| Staff Benefits | 0.00 | 0.00 | 0.00 |
| Uniform | 0.00 | 0.00 | 0.00 |
| | | | |
| Total Office Expense | 1,290.00 | 0.00 | 1,290.00 |
| **Other Expenses** | | | |
| Royalty Fees | 0.00 | 0.00 | 0.00 |
| Internet Fees | 0.00 | 0.00 | 0.00 |
| Management Fees | 0.00 | 0.00 | 0.00 |
| Total Other Expenses | 0.00 | 0.00 | 0.00 |
| | | | |
| Total EBIDTA Expenses | 84,293.75 | 34,040.72 | 118,334.47 |
| Net EBIDTA | ($ 84,293.75) | ($ 40,930.72) | ($ 125,224.47) |
| | | | |
| Depreciation | 0.00 | 0.00 | 0.00 |
| Interest Expense | 0.00 | 0.00 | 0.00 |
| Total Other Expenses | 0.00 | 0.00 | 0.00 |
| | | | |
| Net Income | ($ 84,293.75) | ($ 40,930.72) | ($ 125,224.47) |