# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Alamo Drafthouse Cinemas Holdings, LLC, *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-10474 (MFW)<br><br>(Jointly Administered)<br><br>Re: D.I. 36, 102, & 244 |

**OBJECTION TO DEBTORS' NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT AND CURE AMOUNTS WITH RESPECT TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES OF THE DEBTORS**

Alamo Chandler, LLC ("Chandler"), Alamo Gilbert LLC ("Gilbert"), and Alamo Tempe, LLC ("Tempe" and, together with Chandler and Gilbert, the "Franchisees") hereby files this objection (the "Objection") to the above-captioned debtors' (collectively, the "Debtors") *Notice of Possible Assumption and Assignment and Cure Amounts with Respect to Executory Contracts and Unexpired Leases of the Debtors* (the "Assumption Notice") [D.I. 102]. In support of this Objection, the Franchisees respectfully state as follows:

**PRELIMINARY STATEMENT**

The Franchisees object to the assumption and assignment of the Franchise Agreements (as defined below) because such agreements have been rejected, subject to court approval, in the Franchisee's chapter 11 cases pending in the United States Bankruptcy Court of the District of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Alamo Drafthouse Cinemas Holdings, LLC (2205); Alamo Drafthouse Cinemas, LLC (5717); Alamo Vineland, LLC (1626); Alamo League Investments GP, LLC (1811); Alamo League Investments, Ltd. (7227); Alamo South Lamar GP, LLC (3632); Alamo South Lamar, LP (4563); Alamo Drafthouse Raleigh, LLC (5979); Alamo DH Anderson Lane, LLC (3642); Alamo Yonkers, LLC (4971); Alamo Mission, LLC (2284); Alamo Ritz, LLC (9465); Alamo Mueller, LLC (1221); Mondo Tees, LLC (6900); Alamo City Foundry, LLC (6092); Alamo Mainstreet, LLC (2052); Alamo City Point, LLC (3691); Alamo Liberty, LLC (5755); Alamo Satown, LLC (6197); Alamo Marketplace, LLC (7041); Alamo Stone Oak, LLC (8398); Alamo Westlakes, LLC (4931); Alamo Park North, LLC (1252); Alamo North SA, LLC (6623); Alamo Avenue B, LLC (8950); Alamo Slaughter Lane GP, LLC (6968); Alamo Slaughter Lane, Ltd. (5341); Alamo Cinema Group I GP, LLC (9537); Alamo Cinema Group I, LP (9656); Alamo Westminster, LLC (8906); Alamo Staten Island, LLC (7781); Alamo Aspen Grove, LLC (7786); Alamo Lakeline, LLC (5294); Alamo Sloans, LLC (9343). The location of the Debtors' service address is: 3908 Avenue B, Austin, Texas 78751.

Arizona. The rejection of the Franchise Agreements will be determined in connection with the Franchisee's plan confirmation hearing scheduled to take place prior to the Sale Hearing (as defined below). While the proposed rejection of the Franchise Agreements would not constitute a termination of the Franchise Agreements, following rejection, the Franchise Agreements would not be executory contracts and, therefore, could not be subject to assumption and assignment in these chapter 11 cases.

## BACKGROUND

A. **The Franchisees' Chapter 11 Cases**

1. On May 13, 2020, the Franchisees filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the District of Arizona (the "Arizona Court") thereby commencing the jointly-administered cases styled *In re Chandler, LLC*, Case No. 20-05017-DPC (the "Arizona Bankruptcy Cases").

2. On October 6, 2020, the Franchisees filed their *Joint Plan of Reorganization* [D.I. 141] (as amended, the "Plan").

3. The Franchisee and the Debtors are parties to certain franchise agreements (as amended or supplemented, the "Franchise Agreements").[2]

4. Pursuant to the Plan filed in the Arizona Bankruptcy Cases, the Franchisees propose to reject the Franchise Agreements because, among other things, the Franchise Agreements provide negligible value to the Franchisees and require for the payment of exorbitant fees.

5. On December 18, 2020 the Debtor Alamo Drafthouse Cinemas, LLC ("ADC") filed the *Objection of Alamo Drafthouse Cinemas, LLC to Debtors' Joint Plan of Reorganization* [D.I. 165] (the "Plan Objection"). Through the Plan Objection, ADC asserts, among other things, that

---

[2] As a party to the Franchise Agreements, the Debtors have copies of the Franchise Agreements in their possession. The Franchisees will provide copies of the Franchise Agreements upon reasonable request.

the Plan cannot be confirmed because it contemplates post-confirmation business operations that are precluded by the non-competition provision of the Franchise Agreements.

6.     On March 12, 2021, the Arizona Court entered the *Order Setting Confirmation Hearing in Subchapter V Case* [D.I. 189], scheduling the hearing on the Plan and the Plan Objection for April 26, 2021 (the "Confirmation Hearing").

**B.     The Debtors' Chapter 11 Cases**

7.     On March 3, 2021, the Debtors filed voluntary petitions in this Court commencing the above-captioned chapter 11 cases (the "Delaware Bankruptcy Cases").

8.     On March 4, 2021, the Debtors filed the motion [D.I. 36] (the "Bid Procedures Motion") seeking entry of an order scheduling a hearing on approval of the proposed sale of all or substantially all of the Debtors' assets, authorizing the assumption of assignment of certain executory contracts and unexpired leases, authorizing and approving certain bidding procedures for the sale, and authorizing certain assumption and assignment procedures.

9.     On March 17, 2021, the Debtors filed the Assumption Notice, which lists the Franchise Agreements as executory contracts to be assumed and assigned to the successful bidder in the Debtors' sale.

10.     On April 1, 2021, this Court entered an order [D.I. 244] (the "Bid Procedures Order") approving the Bid Procedures Motion. As set forth in the Bid Procedures Order and the Assumption Notice, the deadline to file objections to the assumption and assignment of an executory contract is April 7, 2021 and the hearing on the approval of the sale of the Debtors' assets is scheduled for May 3, 2021 (the "Sale Hearing").

**OBJECTION**

11.     The Franchisees object to the purported assumption and assignment of the Franchise Agreements because the Franchise Agreements have been rejected by the Franchisees

subject to the Arizona Court approval scheduled for hearing on April 26, 2021.  Upon rejection, the Franchise Agreements will no longer be executory contracts and, therefore, will not be subject to assumption and assignment in the Delaware Bankruptcy Cases.

### A. The Franchisees' Right to Reject the Franchise Agreements Trumps the Desire of the Debtors' to Assume and Assign the Franchise Agreements

12. As set forth above, the Franchisees filed the Arizona Bankruptcy Cases first and identified the Franchise Agreements as executory contracts to be rejected well in advance of the filing of the Delaware Bankruptcy Cases and the Assumption Notice.  The Debtors objected to the rejection of the Franchise Agreements in the Arizona Bankruptcy Cases and those issues will be considered at the Confirmation Hearing scheduled to take place on April 26, 2021, prior to the Sale Hearing.  As a result, the purported assumption and assignment of the Franchise Agreements is improper and in advance of the Confirmation Hearing and possibly not permissible depending on the outcome of the dispute in the Arizona Bankruptcy Cases.  Moreover, case law suggests that in competing bankruptcy cases, a debtor's right to reject an executory contract or unexpired lease as an exercise of business judgment trumps the desire of a different debtor to assume the same contract or unexpired lease in another bankruptcy case.

13. In *In re Noranda Aluminum, Inc.*, the court was faced with competing bankruptcy cases in which one debtor sought to assume and assign an executory contract between the parties and the other debtor sought to reject the same contract.  *In re Noranda Aluminum, Inc.*, 549 B.R. 725, 727 (Bankr. E.D. Mo. 2016).  There, the debtor that sought to assume and assign the contract filed for chapter 11 protection first, but the bankruptcy court in which the proposed rejection was to occur ruled on the issue. *Id*. at 732.  In that case, the debtor that sought to assume the contract believed the contract was vital to its operations, whereas the debtor that sought rejection argued that the contract was economically unfavorable.  The debtor opposing rejection argued that a

4

balancing of the equities test should be applied and the court should balance the relative benefits or harms to each of the bankruptcy estates that would be caused by the assumption or rejection of the contract. *Id*. at 728-29. The court in *Noranda* declined to adopt the balancing of the equities and would not deviate from the "well established business judgment rule." *Id*. at 730. Thus, the court held that the contract should be rejected because the decision to reject was made in the sound exercise of business judgment and for the benefit of the estate where the proposed rejection was based on significant cash loss suffered under the contract and rejection was beneficial to the estate and necessary to effectuate a restructuring. *Id*. at 731-32.

14. Here, the Franchisees filed for bankruptcy first and identified the Franchise Agreements as executory contracts to be rejected under the Plan prior to the filing of the Debtors' chapter 11 cases. The dispute is briefed and ripe for a decision by the Arizona Court at the Confirmation Hearing scheduled to take place on April 26, 2021—one week prior to the Sale Hearing. Although the standard to be applied is not at issue in the Delaware Bankruptcy Cases, the purported assumption and assignment of the Franchise Agreements in advance of the Confirmation Hearing and the ruling by the Arizona Court regarding the rejection of the Franchise Agreements is not proper. As in *Noranda*, if the Arizona Court determines it is a valid exercise of business judgment to reject the Franchise Agreements, there could be nothing left to assume and assign in the Delaware Bankruptcy Cases.

**B.     The Franchise Agreements Will Not be Executory Contracts Subject to Assumption and Assignment Following Rejection in the Arizona Bankruptcy Cases**

15. Pursuant to section 365(a) of the Bankruptcy Code, subject to court approval, a Debtor may assume or reject any ***executory contract*** or unexpired lease of the debtor. 11 U.S.C. § 365(a) (emphasis added). According to the legislative history, executory contracts include contracts on which performance remains due to some extent on both sides. 2 COLLIER ON

BANKRUPTCY, ¶ 365.02 at 365-12 (15th ed. 1982). Specifically, an executory contract is a contract under which the "obligations of both the bankrupt and the other party to the contract are so far unperformed that failure of either to complete performance would constitute a material breach excusing the performance of the other." Countryman, Vern, "Executory Contracts in Bankruptcy, Part 1," 57 Minn. L. Rev. 439, 460 (1973). Thus, if only one party's obligations remain under the agreement, the contract is not an executory contract and cannot be assumed or rejected.

16.    Further, courts have held that agreements are not executory and not subject to assumption or rejection even in instances in which the agreement that is rejected includes a covenant not to compete. *See In re Noco, Inc.*, 76 B.R. 839, 843 (Bankr. N.D. Fla. 1987) (the court held that the franchise agreement's only remaining enforceable provision was the non-compete which was not "executory" and, therefore, the agreement could not be subject to assumption or rejection); *see also In re Schneeweiss*, 233 B.R. 28, 32 (Bankr. N.D.N.Y. 1998) (holding that "[a]n obligation to comply with a restrictive covenant, such as a covenant not to compete, does not constitute a material obligation, and a contract under which one party must refrain from competing is therefore not executory under the Countryman definition of an executory contract."); *In re Neil William Hawes*, 73 B.R. 584, 586 (Bankr. E.D. Wis. 1987) (finding employment relationship had ended and debtor's remaining obligation to a restrictive covenant insufficient to make the contract executory); *Carstens Health Indus. v. Cooper (In re Cooper)*, 47 B.R. 842 (Bankr. W.D. Mo. 1985) (holding that contract was not executory where the non-debtor has no further obligations and the debtor's only remaining obligation was not to compete); *In re Brian Nelson Drake*, 136 B.R. 325 (Bankr. D. Mass. 1992) (finding contract did not contain continuing mutual obligations where debtor was obligated not to compete).

17.    Following this line of cases, if the Franchise Agreements are rejected in the Arizona Bankruptcy Cases, the Franchise Agreements will no longer be executory contracts subject to

assumption and assignment in the Delaware Bankruptcy Cases. Rather, rejection would result in a breach of the Franchise Agreements immediately prior to the May 13, 2020 petition date of the Arizona Bankruptcy Cases—well before these cases were commenced in Delaware.

## **RESERVATION OF RIGHTS**

18. The Franchisees reserve the right to supplement or amend this Objection without waiver of the Franchisees' rights to object to any additional relief sought by the Debtors in connection with the Franchise Agreements including with regards to a sale or plan.

WHEREFORE, the Franchisees respectfully request that (i) pending the outcome of the rejection of the Franchise Agreements in the Arizona Bankruptcy Cases, the Franchise Agreements be removed from the list of executory contracts to be assumed and assigned under a proposed sale transaction, and (ii) the Court grant such other relief as this Court deems appropriate.

Dated: April 7, 2021
       Wilmington, Delaware       **BAYARD, P.A.**

                                      */s/ Gregory J. Flasser*
                                      GianClaudio Finizio (No. 4253)
                                      Gregory J. Flasser (No. 6154)
                                      600 N. King Street, Suite 400
                                      Wilmington, DE 19899
                                      Telephone: (302) 655-5000
                                      Facsimile: (302) 658-6395
                                      Email: gfinizio@bayardlaw.com
                                                      gflasser@bayardlaw.com

                                      *Counsel to the Franchisees*